**Medical Atten.**

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

**INMATE REQUEST**

Mail Number: _____
Team Number: _____
Institution: _____

| TO: (Check One) | ☐ Warden ☐ Asst. Warden | ☐ Classification ☐ Security | ☑ Medical ☐ Mental Health | ☐ Dental ☐ Other _____ |
|---|---|---|---|---|

| FROM: | Inmate Name Blake McReynolds | DC Number J42700 | Quarters A2-207L | Job Assignment | Date 6-7-23 |
|---|---|---|---|---|---|

Check here if this is an informal grievance ☐

**REQUEST**

On may 26, 2023 I was Released from Confinement, on June 1st at 2:am I woke up on my Floor sweating, out of Breath, Drowsey, and dizzy. I Realized I woke out of a seizure, So I look for my shirt that has my I.D. And 2 seizure pills in the pocket. I Dont Find either, So I walk down the C-dorm hallway to look For my I.D. And my (2) seizure pills. by the time I get to the end of the hallway to look around on the ground, several officers came in and pinned me up against the wall. Officer Lyles said im seen to be under the Influence. I said I Just had a seizure and need help". He wrote me a D.R saying "medical stated that I have no Known Illness that would cause symptoms"!? I took a Drug test and passed For all Drug's. Im writing yall because its safe for me to Report it and Ask for help. The officers who Brought me to jail said they would Beat my ass if I tell medical, But I have to say something in case. I would like for medical to Read this Report Log # 211-230758, Ive asked every nurse who Brings me meds "who said I Dont have a medical illness"!? And no one seems to know who would say that. I Dont Know who to trust or talk to for help but I trust Female medical staff, plz dont involve officers, I Dont want them to come hurt me or spray me.

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

Inmate (Signature): Blake McReynolds        DC#: J42700

---

**DO NOT WRITE BELOW THIS LINE**

**RESPONSE**

DATE RECEIVED: JUN 13 2023

RECEIVED
CROSS CITY C.I.
HEALTH SERVICES

I am not sure what you are requesting?

[The following pertains to informal grievances only:]
Based on the above information, your grievance is _____ (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.

Official (Print Name): Lorreen Driver HSA        Official (Signature): [signature] HSA        Date: 6-13-23

Cross City Correctional

Original: Inmate (plus one copy); CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file.
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 11/18)        Incorporated by Reference in Rule 33-103.005, F.A.C.

Exhibit Ⓐ A

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

**INMATE REQUEST**

Mail Number: _____
Team Number: _____
Institution: _____

RECEIVED JUN 29 2023
Department of Corrections
Inmate Grievance Appeals

TO: (Check One)
☐ Warden
☐ Asst. Warden
☐ Classification
☐ Security
☐ Medical
☐ Mental Health
☐ Dental
☐ Other

FROM: Inmate Name: Blake McReynolds    DC Number: J42700    Quarters: A2-207    Job Assignment: ___

**REQUEST**    Check here if this is an informal grievance ☑

Im writing a Grivance on the medical lady who wrote a Report/witness statement saying that I have no known medical Illnesses. I went to D.R court and somebody, I need to know their name wrote a statement saying I have no medical promblems. Im sending a Test Fourm of my passes to prove I have a history of Grand Mal seizures and I was Found guilty due to a nurse not knowing I have medical promblems. IF I was on the ground Flopin like a fish from a seizure, they would say Im on Unathorized Drugs I Just woke up from a seizure and I was Drowsey and Dizzy and confused due to the Fact thats what comeing out of a seizure does. Im grieving that a medical nurse lied by stateing I have no known medical Illnesses and that is a lie, I Take 1,500mg of seizure meds everyday. 6-8-23 4:46pm nurse came to my cell and told me to write this Report and document it into a grievance to medical. Im Attaching my pass to prove I have a history of seizures and it looked like I was on Drugs, But was Not

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

Inmate (Signature): Blake McReynolds    DC#: J42700

---
**DO NOT WRITE BELOW THIS LINE**

RESPONSE  211-2306-0047    DATE RECEIVED: JUN 09 2023    Received Assistant Warden's Office CROSS CITY CI

Your grievance has been received, reviewed and evaluated. You were found guilty of dr log #211-230758, due to having red glossy eyes, slurred speech and appearing confused. Medical provided a statement that you had no medical illness or medication that would cause this behavior. Upon being Pat Searched .5 grams of K-2 was located in your pocket. Grievance is denied.

[The following pertains to informal grievances only:]
Based on the above information, your grievance is __Denied__. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.

Official (Print Name): M. Nims, SCW    Official (Signature): _____    Date: 6/9/23

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 11/18)
Incorporated by Reference in Rule 33-103.005, F.A.C.

Exhibit B

5B

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

☐ Third Party Grievance Alleging Sexual Abuse

TO: ☑ Warden   ☐ Assistant Warden   ☐ Secretary, Florida Department of Corrections
From or IF Alleging Sexual Abuse, on the behalf of:

McReynolds    Blake    A    J42700    Cross city C.I.
Last    First    Middle Initial    DC Number    Institution

Part A – Inmate Grievance    2306-211-044

Im Appealing Informal Grievance 211-2306-0047, For the main Fact a nurse wrote a statement saying I have no known medical Illness. They also said i have no Known medication that would Cause Any symptoms. I got a Responce that i did not grieve. at 2:am Just having a seizure due to no meds for 5 days, I woke up and was drowsey and dizzy and confused and went to get help. And they Found (peperika) From my soup i ate and said it was K-2 without Taking it to the Lab. I have (grand Mal seizures) and Take 1,500 mg of keppra (2) times a day. I did not grieve nothing about what my Responce says. They are missleading my Grievance into a diffent direction. I only Grieved that some nurse wrote a false statement saying I Dont have no medical promblems. (That is a lie) I do in Fact Have a Test Foarm to prove I have seizures. I Do NOT use Drugs. I have a Bad heart and have serious seizures that can kill me. This Responce has nothing to do with the situation i gerived about. I only Grieved that a nurse wrote a statement Saying I have no medical promblems or Illness. Im proveing that is a lie. The APRN Laura peterson gave me a Test Foarm to prove I Do in Fact have serious medical promblems. I never got a DiR For being positive For Any Drugs. This is a cover up to avoid the Real situation at hand. I ate a Green chilli soup and had peperika, and they charged me with K2, without it going to the laB to get tested. I never got No DiR For being positive for Any Drugs! I never got Any Drugs confiscated from me. I would of had a DC6-220 of Any confiscated contraband if they did Find Any Real contraband from me. This Responce was to missleod and Denie because of Retaliation. I Grieved a situation and got a Responce about a whole diffrent situation. My Grievance had nothing to do with K-2 or a DR, my Grievance only had something to do with proveing I do have medical Illness and i Do Take meds That cause drowsey and dizzy symptoms. See Attached prescription

C.11.12

## PART B - RESPONSE

| MCREYNOLDS, BLAKE | J42700 | 2306-211-044 | CROSS CITY C.I. | D4468L |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your request for administrative remedy has been received, reviewed, and evaluated.

A review of DR Log# 211-230758 was conducted, Medical provided a statement that stated you were taking no medications or had no illness that would cause the behavior you exhibited, medical did not state that you had no record of illness or medication.

Based on the foregoing information, your grievance is denied.

You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form, providing attachments as required by paragraphs 33-103.007(3)(a) and (b), F.A.C., and forwarding your complaint to the Bureau of Policy Management and Inmate Appeals, 501 South Calhoun Street, Tallahassee, Florida 32399-2500.

F. Freihofer, Assistant Warden           S. Swain, Warden

_____           _____           6-13-23
SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING           SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE           DATE

Exhibit D

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

☐ Third Party Grievance Alleging Sexual Abuse

TO: ☐ Warden    ☐ Assistant Warden    ☑ Secretary, Florida Department of Corrections
From or IF Alleging Sexual Abuse, on the behalf of:

McReynolds    Blake    A         J42700          Cross City C.I.
Last          First    Middle Initial    DC Number       Institution

Part A – Inmate Grievance                23-6-20622

Paul wrote 2 Thirds of the new testiment from a prison cell, Does that mean everything he grieved should be denied? I say that because what I prove, Still gets Denied. I'm Appealing this Institutions Responce, Due to Retaliation. I got my lawyer involved and this camp is Denieing my medical History of Seizures. You can call down here and speak to any on Duty medical staff and they will tell you they did not write no statement. This was a falseified Document. You can speak to any nurse Tiffany Driggers, Rochelle Bates, Laura petersen, Lorreen Driver. I'm sending a Request i wrote to medical about my situation. They wrote me back not sure what I am Requesting. They seem to not understand what i was saying. But it proves no one in medical wrote a statement, They don't even Realize i got a DiR For haveing a seizure and what i am going thruw. I will stop here and wait a few days to get my own statement from medical, to prove this is all a lie, But they may not want to get involved but I will ask if they will. on Duty medical staff advised me they are not allowed to write and give me a witness statement to properly defend my medical Illness. They did tell me they did not write no statement, and they dont know who wrote it. I also dont know who wrote it. They did provide me with a test fourm, and made a copy of my pills that do cause symptoms to send to Tallahassee. I will be fileing a (42 U.S.C.A 1983 civil Rights complaint) against medical who wrote the lieing Report, and the Wardon: S. Swain For not properly contacting medical, and not provideing me with the (JOhn Does) name of who ever wrote this statement so i can file a proper Appeal. I will be needing to speak to a (I.G) Inspector General For Retaliction and violating my 14th and 8th Amendment Rights And my "Due process of law". medical said you can Read my "test Fourm" to prove i do have medications, And do have a medical Illness that Causes odd Behavior, "Due to seizures". medical provided me with the information & papers im sending intill I can get a statement on my Behalf from them.

6-21-23

**MAILED/FILED WITH AGENCY CLERK**

**JUL 14 2023**

Department of Corrections
Bureau of Inmate Grievance Appeals

# PART B - RESPONSE

| MCREYNOLDS, BLAKE | J42700 | 23-6-20622 | CROSS CITY C.I. | A3203L |
|---|---|---|---|---|
| NAME | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your administrative appeal has been received, evaluated, and referred to the Warden for appropriate handling and action.

The institution will be providing you with a response once their review is completed.

If you feel that the institutional response does not adequately resolve the issue, you may once again appeal to this office within 15 days from the date of the institutional response.

Based on this action, your appeal is approved for further inquiry.

W. MILLETTE

---

SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING

*W. Millette*
SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE

7/10/23
DATE

Exhibit E/F

## PART B - RESPONSE

| MCREYNOLDS, BLAKE | J42700 | 2306-211-044 | CROSS CITY C.I. | A3203L |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

AMENDED RESPONSE

Your appeal has been reviewed and evaluated.

The subject of your grievance was documented and referred to the Office of the Inspector General. It is the responsibility of that office to determine the amount and type of inquiry that will be conducted. This inquiry/review may or may not include a personal interview with you. Upon completion of this review, information will be provided to appropriate administrators for final determination and handling.

You can consider your grievance approved from this standpoint.

Responding employee: J. Kennedy, Assistant Warden

Signature of representative: S. Swain, Warden

Mailed date: 7/25/2023

_[signature]_ | _[signature]_ | 7.25-23
---|---|---
SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE

Exhibit G

**269-CROSS CITY EAST UNIT**
568 NE 255TH STREET, CROSS CITY, FL, Dixie 32628
(352) 498-4900

09/10/2022 07:43 AM
Page 1 of 1
Test Form

## Test Form

| | | | |
|---|---|---|---|
| Authorizing Provider: | Laura Petersen APRN | Service Provider: | FDC |
| Signing Provider: | Laura Petersen APRN | | |
| Phone: | (352) 498-4741 | Phone: | |
| Fax: | (352) 498-4337 | Fax: | |
| Patient Name: | BLAKE A MCREYNOLDS | DOB: 04/20/1992 | Age: 30 Years |
| Home Phone: | | Sex: M | SSN: |
| Work Phone: | | | |
| Resp. Provider: | | | |

| Code | Description | | Diagnoses |
|---|---|---|---|
| SP-BUNK | Low Bunk Pass | | GRAND MAL SEIZURES (ICD-G40.409) (ICD10-G40.409) |
| | Order Number: | 1833675-1 | |
| | Auth#: | | |
| | Quantity: | 1 | |
| | Start Date: | 9/9/2022 | |
| | Priority: | Normal | |
| | Electronically Signed By: | Laura Petersen APRN | |
| | Signed Provider NPI: | 1538524285 | |
| | Signed on: | 9/9/2022 2:45:14PM | |
| | Instructions: | | |

| Code | Description | | Diagnoses |
|---|---|---|---|
| SP-RATV | Restricted Activity - Specify | | GRAND MAL SEIZURES (ICD-G40.409) (ICD10-G40.409) |
| | Order Number: | 1833675-3 | |
| | Auth#: | | |
| | Quantity: | 1 | |
| | Start Date: | 9/9/2022 | |
| | Priority: | Normal | |
| | Electronically Signed By: | Laura Petersen APRN | |
| | Signed Provider NPI: | 1538524285 | |
| | Signed on: | 9/9/2022 2:45:14PM | |
| | Instructions: | Low bunk, low tier housing required. Pt may not work around heat/steam/sharps/corrosives or toxic substances. No working in heights or operating heavy machinery. | |

Report run by Rochelle M Bates RN

Exhibit 3 A

Third Judicial circuit in and For
Dixie county, Florida

Blake Austin McReynolds
    petitioner,

V.                                          Case No: To be Assigned

S. Swain, warden
cross city corr. Inst.
    Respondent.

## Petition For Writ of Mandamus

Comes now, Blake McReynolds, petitioner, to move this Honorable court, pursuant to Florida Rule of civil procedure 1.630(b), For issuance of a writ of mandamus, or other extraordinary writ deemed proper for Relief from a prison disciplinary conviction and in furtherance thereof would show the Following:

### Material Facts

1. June 1st 2023 petitioner was Assigned to (CI-2013) And had a seizure and went to look for help.

2. petitioner was arrested For DiR Log# 211-230764 (For poss of narcotic) But written in the statement of Facts it said (synthetic cannibonoids) From a soup (seasoning packet).

3. petitione proved their was nothing documented proveing Anything was Found, or tested to prove a narcotic was Found. (no chain of evidence) or no (DC6-220)

4. The warden did not dispute that petitioner proved the DiR was never Read to me, or served on time. Due to them saying "I can Read and write english". violated chp 33-601.305(2)(a)

Exhibit ② A

5. Petitioner proved the D.R. statement of Facts does not support the charged offence. chp 33-601.308(2)(B) see> Ashe v. Singletary 702, so.2d 1348 (Fla 1st DCA 1997)

6. Petitioner proved he lives in C1-dorm and they Responded to C2-dorm. They did not dispute, that I could not be in 2-places at once. This is at 2!am, There would be no way For me to be in C1- and C-2 at the same time and they did not dispute this.

7. See D.R Appeal Log # 2306-211-038 and Formal Appeal Log # 23-6-22314 From D.R Log # 211-230764 also see DR Appeal Log# 2306-211-083 and Appeal log# 23-6-22750

## Summary of Argument

Petitioners procedural and Substantive due process" rights have been violated by Respondents failure to perform ministerial duties of which petitioner has a right by:

1.) Failing to document a chain of evidence, or Document anything on a confiscation slip, and to write a penological reason in the D.R work sheet for the denial of petitioners request during the D.R. Hearing for the evidence to be produced and tested and prove such was documented to prove it came from petitioner.

2.) The Facts do not support the Response given by the warden of Tallahassee and the warden failed to dispute the main aligation of it being impossable to be in (2) places at one time at 2!am. when petitioner proved he lived in Bunk C1-201B and they Responded to C2-dorm for Assistance.

3.) The statement by the officer in the D.R did not support the charge or evidence Found on petitioner and claimed it was a packet from a soup, And this D.R came due to Retaliation for exercising of the constitutional protected Right of the 1st and 8th Amendment due to writing grievances, and Reporting a sexual abuse case on 4-12-23 on the confinement sgt Redwine. See > PR-X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 also see Grievance Log # 23-6-23425

## Denial of evidence without written Reason

**Ground 1:** The investigating officers refusal to document and acquire any and all evidence deprived petitioner of the due process right to marshal the Facts in his defense. Wolff, 418 U.S. at 564, 94 S.ct 2963, 2980, 41 L.ed.2d 935, 956 (1974). per chp. 33-602.201, Anything taken from a inmate must be documented on a DC6-220 to prove such Items or package Belonged to or came from that inmate. It is not a security matter to document evidence or contraband on a DC6-220. Its the Respondents ministerial duty which is a right to petitioner to Receive all Facts in his defense and this denial is warranting mandamus Relief. Additionally, petitioner proved the seasoning packet was not a narcotic due to passing a Drug test, and Receiving no test done or proof of testing the soup packet. The petitioner requested During the DR Hearing to produce the test that was used to test the packet, and a Request to postpone intill further inquirey into the situations was asked, but the (DR team) Responded "were not going to do that" and "its Drugs by looking at the picture". They failed to write a reason for denying the Requested evidence and to prove it was in Fact a narcotic. Respondent has assumed the obligation that denial of evidence is a ministerial duty by including it in its own Rules. See Holcomb v. Department of corrections, 609 S0.2d 751, 755 Footnote (Fla 1st Dca 1991)

**Ground 2:** Retaliatory DR for exercise of a constitutional protected Right violates the constitution.

Florida law clearly compels a prison warden to not permit certain types of punishment. Hall v. Key, 476 So.2d 787, 788,-89 (Fla 1st Dca 1985) It has been irrefutable that sgt D. Courtot comments ("you wrote my Fellow sgt. up", "so im writing you up".) I was retaliated against due to filing a sexual abuse law suite against his Fellow confinement (Sargent. Redwine) on 4-12-23. petitioner Reported Retaliation Issues to the warden's office, And Tallahassee. "The gist of retaliation is that a prisoner is penalized for exercising his Right to file grievances and free speech". Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th cir 1997). I Filed a grievance Reporting Retaliation see Grievance Log # 23-6-20622, which Tallahassee approved and sent it back

To the warden for appropriate handling and action. The Institution and the warden failed to provide proper Relief and a proper response and still kept me in confinement for 60 days and then placed petitioner under investigation to keep him longer in confinement, due to Filing Grievances, and move him to a diffrent camp. This violated petitioners Rights and the warden failed to conduct his proper ministerial duty to help, and protect petitioner. also see Grievance Log # 23-6-23425

## Conclusion

Wherefore, based upon the Foregoing Facts, arguments, and authorities, petitioner submits his First and Fourteenth Amendment Rights have been violated by his repeated request for evidence, lack of notice by Rule, and underlying reprisal for petitioner's exerciseing his constitutional protected Rights to Free speech and write grievances.

## Relief sought

Therefore, petitioner respectfully prays for a writ of mandamus to compel Respondent to perform ministerial duties of which petitioner has a Right as described above, or other extraordinary writ deemed proper to vacate the challenged D.R and Restore all adversities. (and Remove the D.R from file)

## Certificate of service

I swear under penalties of perjury all stated is true and correct pursuant to FL. statue 92.525(2), and certify that a true and original motion of this petition has been furnished by U.S. mail to: Clerk of Courts, Third Judicial circuit, Dixie county, FL p.o. Box 1206, 32628 on: August 6th 2023

Blake McReynolds
*Blake McReynolds* J42700
pro'se petitioner
Cross city Corr Inst,
568 N.E. 255 st
Cross City, FL 32628

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, FLORIDA

BLAKE MCREYNOLDS,
DC# J42700,

    Petitioner,

vs.

    CASE NO.: 2023 CA 02877
    CIVIL DIVISION: JOHN C COOPER

RICKY DIXON, SECRETARY,
FLORIDA DEPARTMENT
OF CORRECTIONS,

    Respondent(s).
_____/

### RESPONDENT'S MOTION TO DISMISS

Respondent, Ricky D. Dixon, Secretary, Florida Department of Corrections, by and through undersigned counsel, and hereby submits this response to this Court's Order to Show Cause, and requests that Petitioner's petition be dismissed as moot. As grounds Respondent states:

### STATEMENT OF FACTS

Petitioner, Blake A. McReynolds, DC# J42700, is an inmate currently incarcerated at Columbia Correctional Institution – Annex in Lake City, Florida.[1]

---

[1] Information regarding Petitioner's location and incarceration can be obtained via the Department's Inmate Population Information Detail page at: http://www.dc.state.fl.us/offenderSearch/detail.aspx?Page=Detail&DCNumber=J42700&TypeSearch=AI

1

Exhibit B (2)

Respondent, Ricky D. Dixon, is the Secretary of the Florida Department of Corrections.

On June 1, 2023, Petitioner was written a Disciplinary Report ("DR"), log number 211-230764, for Possession of narcotics, unauthorized drugs and drug paraphernalia, a violation of Rule 33-601.314 (3-3), Florida Administrative Code ("F.A.C."). See Respondent's Exhibit A. On June 1, 2023, Petitioner received notice of the charge. Id. Petitioner's disciplinary hearing was held on June 8, 2023. Id. Petitioner was present at the hearing and pled not guilty; however, the hearing team found sufficient evidence to determine he was guilty and recommended such a finding to the Warden. Id. Petitioner was assigned to fifty – three (53) days of disciplinary confinement with seven (7) days of AC credit applied and forfeited sixty (60) days of future gain time as a result of the infraction. Id.

On July 16, 2023, Petitioner's Petition for Writ of Mandamus ("Petition") currently at issue in this Court was turned over to prison officials for mailing. See Petitioner's Petition at 1. In his petition, Petitioner alleges that the Department failed to adhere to its own rules for finding him guilty during the disciplinary hearing. See generally Petitioner's Petition. As relief, Petitioner requests a writ be issued compelling "DR Log # 211-230764 should have also been overturned due to the same error that is in both DRs. . . . for this DR to be overturned and deleted from my file, due to retaliation." See Petitioner's Petition at 5. (all errors original).

On January 3, 2024, this Court issued an Order to Show Cause directing Respondent to show cause as to why this Petition for Writ of Mandamus should not be granted. Subsequently, on March 1, 2024, Petitioner's DR was overturned. See Respondent's Exhibit A, Section VII. Respondent now files its response.

## MEMORANDUM OF LAW

**I.  Petitioner's claims regarding the DR are moot.**

After Petitioner filed his Petition for Writ of Mandamus, the Department overturned the DR that the Petitioner is challenging on March 1, 2024. See Respondent's Exhibit A, Section VII. Because Petitioner's DR has already been overturned, there is not a present actual controversy remaining for determination since any relief would be without benefit. The Supreme Court of Florida has stated that "[a] case is 'moot' when it presents no actual controversy or when the issues have ceased to exist." Goodwin v. State, 593 So. 2d 211, 212 (Fla. 1992). A case becomes moot, for purposes of review, where, by a change of circumstances prior to the appellate decision, an intervening event makes it impossible for the court to grant a party any effectual relief. See Montgomery v. Dep't of Health and Rehabilitative Services, 468 So. 2d 1014, 1016 (Fla. 1st DCA 1985). Furthermore, mandamus relief will not be granted where the writ, if issued, would be without beneficial result and fruitless to the petitioner. Joyner v. Florida House of Representatives, 163 So. 3d 503 (Fla. 2015); Campbell v. State ex rel. Garrett, 183 So. 340 (Fla. 1938); see

also Chafin v. Chafin, 133 S. Ct. 1017, 1023 (2013) (stating that a case "becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party"). Because Petitioner's DR has already been overturned, any mandamus relief ordering the Department to take certain actions regarding that DR conviction would have no beneficial result. Accordingly, Petitioner's Petition should be dismissed as moot.

## CONCLUSION

The foregoing arguments and authorities of law demonstrate that Petitioner's petition should be dismissed as moot.

Respectfully submitted,

**RICKY D. DIXON, Secretary**
Florida Department of Corrections

/s/ Kelly R. Forren
Kelly R. Forren
Assistant General Counsel
Florida Bar No.: 1015294
Florida Department of Corrections
Office of the General Counsel
501 South Calhoun Street
Tallahassee, Florida 32399-2500
Telephone: (850) 717-3605
Facsimile: (850) 922-4355
kelly.forren@fdc.myflorida.com

## CERTIFICATE OF SERVICE

I CERTIFY that a true and correct copy of the foregoing *Respondent's Motion to Dismiss* has been e-filed with this Court and furnished by U.S. mail to: Blake A.

McReynolds, DC# J42700, Columbia Correctional Institution – Annex, 216 S.E. Corrections Way, Lake City, Florida 32025-2013, this 4th day of March 2024.

                                                /s/ Kelly R. Forren
                                                Kelly R. Forren, Esq.