UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

BLAKE AUSTIN MCREYNOLDS,

    Plaintiff,

v.                                      Case No. 1:23-cv-212-AW/MJF

J. LYLES, *et al.*,

    Defendants.
                                  /

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se*, initiated this case by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 against four defendants, including former Florida Department of Corrections Officer J. Lyles. Because J. Lyles is deceased and Plaintiff has not complied with the undersigned's order to provide the name of the personal representative of J. Lyles' estate, the District Court should dismiss without prejudice Plaintiff's claims against Defendant J. Lyles.

### I. Discussion

On March 5, 2024, this court directed the United States Marshals Service ("Marshals Service") to effect service upon J. Lyles at Cross City

Correctional Institution. Doc. 41. On March 28, 2025, the clerk of the court received and docketed the unexecuted summons for J. Lyles. Doc. 45. The process server explained that efforts to serve J. Lyles were unsuccessful because he is deceased. *Id.*

On March 31, 2025, the undersigned ordered Plaintiff to submit: (1) a notice of voluntary dismissal of his claims against J. Lyles; (2) information regarding whether J. Lyles had an estate, and if so, the name of the personal representative of the estate; or (3) a notice that Plaintiff was unable to comply with the order. The undersigned imposed a compliance deadline of April 30, 2025, and warned Plaintiff that the failure to comply with this order likely would result in dismissal of Plaintiff's claims against J. Lyles. Plaintiff did not comply with that order.

On May 21, 2025, the undersigned ordered Plaintiff to show cause why his claim against J. Lyles should not be dismissed for failure to comply with a court order and failure to prosecute. The undersigned imposed a compliance deadline of June 3, 2025, and warned Plaintiff that the failure to comply likely would result in dismissal of Plaintiff's claim against J. Lyles. Plaintiff has not complied with that order.

At this juncture, Plaintiff cannot proceed with his claims against J. Lyles because he cannot sue a defendant who is dead, and he cannot sue a personal representative of J. Lyles because Plaintiff has not alleged that there is an estate for J. Lyles or a personal representative for the estate. Service of the complaint, therefore, cannot be effectuated.

Furthermore, Plaintiff has not complied with two court orders and has not shown good cause for his failures. "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a court order"). A district court also may dismiss a civil action *sua sponte* for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 632 (1962).

For these reasons, dismissal of Plaintiff's claims against J. Lyles without prejudice is appropriate.

## II. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** without Prejudice Plaintiff's claim against Defendant J. Lyles;

2. **REMAND** the case to the undersigned for further proceedings against the remaining Defendants.

At Pensacola, Florida, this 24th day of June, 2025.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to a magistrate judge to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b); Fed R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**