**UUNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA GAINESVILLE DIVISION**

BLAKE AUSTIN MCREYNOLDS,

Plaintiff,

v. Case No. 1:23-cv-212-AW-MJF

D. COURTOT, *et al.*,

Defendants.
____________________________________/

## REPORT AND RECOMMENDATION

In this civil rights action, Plaintiff, a prisoner proceeding *pro se*, sues employees of the Florida Department of Corrections and alleges that Defendants violated his constitutional rights. Doc. 30. Defendant Courtot has moved to dismiss this civil action because Plaintiff failed to comply with the Local Rules when he failed to disclose his litigation history. Doc. 51 at 23–26. The undesigned provided Plaintiff multiple opportunities to respond to the motion to dismiss, to no avail. Docs. 53, 58, 60, 65, 68. Because Plaintiff failed to comply with the applicable Local Rules, failed to disclose his litigation history, and failed to comply with court orders,

the District Court should grant Courtot's motion to dismiss and dismiss this civil action.

## Background

Plaintiff is a Florida prisoner housed at Graceville Correctional Facility. Plaintiff's Florida Department of Corrections inmate number is J42700.

### A. Plaintiff's Original Complaint

On August 18, 2023, Plaintiff initiated this civil action by filing a complaint under 42 U.S.C. § 1983. Doc. 1. In his original complaint, Plaintiff responded affirmatively to questions regarding his litigation history and identified three State cases in which Plaintiff challenged his conviction. Doc. 1 at 14.

### B. The Undersigned's First Order to Amend the Complaint

On September 28, 2023, the undersigned struck Plaintiff's complaint—because it violated Rule 8 and Rule 10 of the Federal Rules of Civil Procedure—instructed Plaintiff to correct the pleading defects, and provided Plaintiff until October 30, 2023, to file an amended complaint. Doc.

### C. <u>Plaintiff Files an Unrelated Complaint</u>

On October 16, 2023, Plaintiff filed a "Complaint for Violations of Civil Rights." Doc. 13. Plaintiff did not utilize the court-approved form and Plaintiff did not label this complaint as an "amended complaint." In this complaint, Plaintiff named two new Defendants and asserted claims unrelated to those in his initial complaint.

The clerk of the court filed this "amended complaint" in this case and labeled the complaint as Plaintiff's "First Amended Complaint." The undersigned, therefore, struck this complaint. Doc. 15.

### D. <u>Plaintiff Files a "First Amended Complaint"</u>

On November 3, 2023, Plaintiff untimely filed his "First Amended Complaint." Doc. 14. Plaintiff utilized the court-approved form, included the words "First Amended Complaint," and addressed the same claims that were contained in Plaintiff's initial complaint.

The complaint form Plaintiff utilized required Plaintiff to disclose his litigation history under the penalty of perjury. Plaintiff, however, did not respond to any question regarding his litigation history.

E. **The Undersigned's Second Order to Amend the Complaint**

Because Plaintiff failed to disclose his litigation history in his "First Amended Complaint," the undersigned ordered Plaintiff to file a second amended complaint that included his litigation history. Specifically, the undersigned instructed:

> **If Plaintiff desires to proceed with this action, he must file a second amended complaint on the court approved form . . . . Plaintiff is required to answer each question on the complaint form—including those regarding Plaintiff's litigation history—completely and honestly. The failure to do so likely will result in dismissal of this action**.

*Id.* at 6.

**F. Plaintiff Files Another "First Amended Complaint"**

On January 25, 2024, Plaintiff filed another complaint that he labeled as his "First Amended Complaint." Doc. 22. In that complaint, Plaintiff disclosed that he previously had filed thirteen cases in state courts. *Id.* at 10.

**G. The Undersigned's Third Order to Amend the Complaint**

Because Plaintiff's "First Amended Complaint—Doc. 22—violated the Federal Rules of Civil Procedure and failed to state a plausible claim

upon which relief could be granted, on April 8, 2024, the undersigned ordered Plaintiff to file an amended complaint that complied with the Federal Rules of Civil Procedure. Doc. 23.

**H. <u>Plaintiff Files his "Second Amended Complaint"</u>**

On May 16, 2024, Plaintiff filed his "Second Amended Complaint." Doc. 26. Plaintiff again did not respond to questions regarding his litigation history. Plaintiff also failed to state a claim upon which relief could be granted.

**I. <u>The Undersigned's Fourth Order to Amend the Complaint</u>**

Because Plaintiff's "Second Amended Complaint" was incomplete and Plaintiff failed to state a claim for relief, the undersigned again ordered Plaintiff to amend his complaint. Doc. 27.

**J. <u>Plaintiff Files his "Third Amended Complaint"</u>**

On July 17, 2024, Plaintiff filed his "Third Amended Complaint." Doc. 28. This complaint form required Plaintiff to disclose his litigation history under the penalty of perjury. In response to the questions about Plaintiff's litigation history, Plaintiff disclosed that he had filed only four cases in state courts.

**K. The Undersigned's Fifth Order to Amend the Complaint**

Because Plaintiff's "Third Amended Complaint" failed to state a plausible claim against Defendant Lyles, the undersigned ordered plaintiff to file an amended complaint that corrected this defect or omitted Lyles as a Defendant. Doc. 29.

**L. Plaintiff's Files his Fourth Amended Complaint**

On September 12, 2024, Plaintiff filed his "Fourth Amended Complaint, Doc. 30, which is the operative pleading. In his "Fourth Amended Complaint," Plaintiff names four Defendants: Courtot, Lyles, Jane Doe 1, and Jane Doe 2.[1] Doc. 30. Plaintiff's claims arise from a use-of-force incident that occurred on June 1, 2023, and an alleged denial of medical treatment. Plaintiff asserts the following claims:

- First Amendment—Retaliation against Courtot and Jane Does 1 and 2;
- Eighth Amendment—Excessive Force against Courtot; and

[1] On July 21, 2025, the District Court dismissed Plaintiff's claims against Lyles because Lyles is deceased, and Plaintiff had not timely filed a motion to substitute under Rule 25. Docs. 54, 57. Regarding the two "Jane Doe" Defendants, Plaintiff has failed to effect service of process.

- Eighth Amendment—Deliberate Indifference to a Serious Medical Need against Jane Does 1 and 2.

Doc. 30 at 13–15. Plaintiff seeks $250,000.00. *Id.* at 11.

## DISCUSSION

### A. <u>The Local Rules</u>

"Although a pro se litigant's filings are construed liberally, they must comply with procedural rules." *McNair v. Johnson*, 143 F.4th 1301, 1307 (11th Cir. 2025) (citations omitted). "A district court has discretion to adopt local rules that are necessary to carry out the conduct of its business." *Frazier v. Heebe*, 482 U.S. 641, 645 (1987); *see also* 28 U.S.C. § 2071; Fed. R. Civ. P. 83(a). "[L]ocal rules generally reflect the courts' traditional 'authority to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Reese v. Herbert*, 527 F.3d 1253, 1267–68 (11th Cir. 2008) (quoting *Hoffmann–La Roche, Inc. v. Sperling*, 493 U.S. 165, 172–73 (1989)).

Rule 5.7(A) of the Local Rules of the United States District Court of the Northern District of Florida instructs a *pro se* prisoner asserting a

claim under 42 U.S.C. § 1983 to use the court's standardized civil-rights complaint form:

> A party not represented by an attorney must file any of these only on a form available without charge from the Clerk or on the District's website: a petition for a writ of habeas corpus, a motion for relief under 28 U.S.C. § 2255, or a complaint in a civil-rights case. A case is a civil-rights case if it asserts a claim under the United States Constitution or a statute creating individual rights, including, for example, 42 U.S.C. § 1983 or the Civil Rights Act of 1964. The Court need not—and ordinarily will not—consider a petition, motion, or complaint that is not filed on the proper form.

N.D. Fla. Loc. R. 5.7(A).

The complaint form, in turn, instructs the inmate-plaintiff to disclose his litigation history. In particular, under a heading titled "**PRIOR LITIGATION**," the form provides the following directive:

> ***This section requires you to identify your prior litigation history. Be advised that failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case. You should err on the side of caution if you are uncertain whether a case should be identified.***

Compl. Form at 8. The form goes on to state that the inmate should "***[a]ttach additional pages as necessary to list all cases.***" *Id.* at 12.

Separately, the form requires the inmate to provide the following "**CERTIFICATION**":

> I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct.

*Id*.

Local Rule 41.1 describes the consequences of a litigant's failure to comply with the applicable court rules, and it expressly warns that dismissal is a possible sanction:

> If a party fails to comply with an applicable rule or a court order, the Court may strike a pleading, dismiss a claim, enter a default on a claim, take other appropriate action, or issue an order to show cause why any of these actions should not be taken.

N.D. Fla. R. 41.1.

In short, Plaintiff was required to complete the standardized civil-rights complaint form and to complete the form according to its instructions.

### B. Plaintiff's Responses to Questions on the Complaint Form

Plaintiff provided answers to Section VIII of the civil rights complaint form, which required Plaintiff to disclose his litigation history.

Doc. 30 at 16–18. The complaint form asks three questions:

> A. Have you had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service?
>
> B. Have you filed other lawsuits or appeals in ***state or federal court*** dealing with the same facts or issue involved in this case?
>
> C. Have you filed any other lawsuit, habeas corpus petition, or appeal in ***state or federal court*** either challenging your conviction or relating to the conditions of your confinement?

*Id*. Additionally, the complaint form instructs that if the answer is "yes" to any of these questions, then the plaintiff must disclose all responsive cases. *Id*. at 19.

Plaintiff responded, "No" to question VIII(A) and (B). He did not disclose any cases. Plaintiff responded, "Yes" to question VIII(C) of the complaint form, and disclosed the following state cases:

- *Florida v. McReynolds*, Case No. 14-CF-1886;
- *McReynolds v. Dixon*, Case No. 23-CA-02877 (filed on Aug. 6, 2023);
- *McReynolds v. Florida,* Case No. 23-1926; and
- *McReynolds v. Florida,* Case No. 23-2085.

*Id*. at 18.

At the end of the civil rights complaint form, Plaintiff signed his name after certifying: "I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct." *Id*. at 19–20. Thus, Plaintiff has in effect stated that at the time he filed this lawsuit, he had not filed any other case in state court any "other lawsuit, habeas corpus petition, or appeal" that challenged his conviction.

**C. Plaintiff's Omissions**

The undersigned takes judicial notice that at the time Plaintiff filed his complaint in this case on August 18, 2023, Plaintiff had filed *at least* two state appeals that challenged his conviction and were required to be disclosed on the form.

On June 16, 2015, Plaintiff filed an appeal challenging his conviction in the Florida Fifth District Court of Appeals. *McReynolds v. State*, 2015 WL 14107831, at *2. On February 16, 2016, that court affirmed Plaintiff's conviction. *McReynolds v. State*, No. 5D15-2137, 2016 WL 685158 (Feb. 16, 2016).

On March 9, 2018, Plaintiff filed a *pro se* Rule 3.850 motion for postconviction relief, which was denied on February 13, 2019. Afterwards, Plaintiff appealed the decision in case 5D20-0110, but then voluntarily dismissed the appeal on November 12, 2020.

These appeals were responsive to Question VIII(C) of the complaint form because Plaintiff sought to challenge his conviction.

Because Plaintiff is proceeding *pro se*, the undersigned reviewed each iteration of Plaintiff's complaint to determine whether Plaintiff had ever fully disclosed these two appeals. Plaintiff did not. Doc. 1 at 14; Doc. 14 at 14–15; Doc. 22 at 10; Doc. 26 at 10–11; Doc. 28 at 15. Furthermore, the undersigned offered Plaintiff an opportunity to explain his failure to honestly disclose his prior litigation. Plaintiff elected not to do so.

By failing to disclose at least two cases multiple times, Plaintiff violated the complaint form's explicit instructions and Plaintiff's duty of candor to the District Court. *See Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) (noting that *pro se* litigants "owe the same duty of candor to the court as imposed on any other litigant").

## D. The Materiality of Plaintiff's Omissions

Courts have recognized that information regarding a plaintiff's litigation history is useful to federal courts:

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the [PLRA]; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the [PLRA].

*Spires v. Taylor*, No. 3:00-cv-249-RH, Order of Dismissal, Doc. 10 (N.D. Fla. Oct. 27, 2000). Also, this "information may assist a court in identifying suits that are repetitious of prior or pending lawsuits and hence frivolous." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989); *see Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001) (noting that, in assessing frivolousness, courts may consider "a litigant's history of bringing unmeritorious litigation"). Additionally, because prisoner-plaintiffs generally proceed *pro se*, information regarding a plaintiff's litigation history assists district courts in determining the plaintiff's experience and familiarity with the legal terrain.

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986) (per curiam); *In re Martin-Trigona*, 737 F.2d 1254, 1261–62 (2d Cir. 1984). Courts also have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. Requiring prisoner-plaintiffs to divulge their record of litigation serves all these compelling interests. Thus, to conserve judicial resources and effectively manage their dockets, courts may require prisoner-plaintiffs to disclose their litigation history. *See Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (noting that district courts have "unquestionable authority to control their own dockets; this authority includes broad discretion in deciding how best to manage the cases before them").

The time that district courts are required to expend to verify the cases a plaintiff has filed but failed to identify can be considerable. This is especially true in this case where a plaintiff has filed cases in other

jurisdictions and under additional inmate numbers. When courts cannot rely on the statements or responses made by parties, the quality of justice is threatened. Courts, therefore, cannot tolerate false or misleading responses in pleadings or motions.

Here, as detailed above, Plaintiff falsely responded to a question on the complaint form and violated the Local Rules by failing to disclose his full litigation history as required by the complaint form. Plaintiff knew from reading the complaint form that he was required to disclose all prior federal cases that were dismissed as frivolous. *See* Doc. 30 at 9; *cf*. Doc. 1 at 8; Doc. 14 at 12; Doc. 26 at 8; Doc. 28 at 12. Plaintiff also knew that the penalty for failing to disclose his federal litigation history was dismissal. Doc. 30 at 9; *cf*. Doc. 1 at 8; Doc. 14 at 12; Doc. 26 at 8; Doc. 28 at 12; *see also* N.D. Fla. Loc. R. 41.1 (warning that the failure to follow an applicable rule is a ground for "dismiss[al] [of] a claim.").

In addition to the warnings on the complaint form, the undersigned explicitly informed Plaintiff that

> [t]he questions regarding litigation history serve an important purpose. They allow "efficient consideration of whether the prisoner is entitled to pursue the current action under the 'three strikes' provision of the [PLRA]"; they allow

> "consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action"; and they allow "consideration of whether any ruling in the other action affects" the plaintiff's current case. *Spires v. Taylor*, No. 3:00-cv-249-RH, Order of Dismissal, Doc. 10 (N.D. Fla. Oct. 27, 2000). Also, the requested "information may assist a court in identifying suits that are repetitious of prior or pending lawsuits and hence frivolous." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989); *see Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001).
>
> **If Plaintiff desires to proceed with this action, he must file a second amended complaint on the court approved form and use case number 1:23-cv-212-AW-MJF. Plaintiff is required to answer each question on the complaint form—including those regarding Plaintiff's litigation history—completely and honestly. The failure to do so likely will result in dismissal of this action**.

Doc. 15 at 5–6.

There is no excuse for Plaintiff's failure to respond truthfully to Question VIII(C) on the complaint form. The question is straightforward and easily understandable. *See Kendrick*, 2022 WL 2388425, at *3 (noting that the questions on the court-form are not complicated and a plaintiff's *pro se* status was not an excuse for failing to honestly answer the straightforward questions).

The District Court should not allow Plaintiff's false response to go unpunished. A penalty is warranted both to deter Plaintiff from such conduct and to deter others from similar misrepresentations and omissions. *See Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequences."). If Plaintiff suffered no penalty for his untruthful response, there would be little or no disincentive for Plaintiff's attempt to evade or undermine the purpose of the form.

**E. <u>The Appropriate Sanction Is Dismissal Without Prejudice</u>**

When a complaint form requires a plaintiff to list his litigation history, and the plaintiff's statements are made under penalty of perjury, a plaintiff's affirmative misrepresentation regarding his litigation history warrants dismissal of the case under the district court's inherent authority to manage its docket and enforce applicable local rules. *McNair*, 143 F.4th at 1308 ("Dismissal without prejudice was an appropriate exercise of the district court's inherent authority to manage its docket and enforce the local rules. [Plaintiff] violated the local rules

by failing to disclose his full litigation history, as required by the duly adopted standard complaint form."); *see also Sears v. Haas*, 509 F. App'x 935, 936 (11th Cir. 2013).

An appropriate sanction for Plaintiff's violation of the Local Rules—and the complaint forms instructions as well as the undersigned's orders—is dismissal without prejudice. *McNair*, 143 F.4th at 1308. Because Plaintiff alleges that the incidents giving rise to his claims began on June 1, 2023, Florida's four-year statute of limitations likely would not preclude Plaintiff from refiling this action this civil action in the near future. *Shelton v. Rohrs*, 406 F. App'x 340, 341 (11th Cir. 2010).

**F. <u>No lesser Sanction Would Suffice</u>**

A sanction less than dismissal would not suffice to deter Plaintiff's conduct. For example, providing Plaintiff yet another opportunity to amend his complaint to disclose the previous lawsuits would equate to overlooking his abuse of the judicial process, because that course of action would entail no penalty. *See Young v. Sec'y for Dep't of Corr.*, 380 F. App'x 939, 940–41 (11th Cir. 2010) (district court did not abuse its discretion by denying leave to amend the complaint so that the plaintiff could disclose

lawsuits that should have been disclosed initially); *Harris v. Warden*, 498 F. App'x 962, 964–65 (11th Cir. 2012).

## CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **GRANT** Defendant Courtot's motion to dismiss, Doc. 51.

2. **DISMISS** this civil action **without prejudice** for Plaintiff's failure to comply with the Local Rules.

3. **DIRECT** the clerk of the court to enter judgment accordingly and close this case file.

At Panama City, Florida, this 15th day of December 2025.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to a magistrate judge to make recommendations regarding dispositive matters. *See* 28 U.S.C. § 636(b)(1)(B), (C). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only. A party who fails to object to this**

**report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any judicially-noticed fact, or if they otherwise wish to be heard on the propriety of the District Court taking judicial notice of that fact, they must raise this issue in an objection to this report and recommendation.**