IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**BLAKE AUSTIN MCREYNOLDS,**

    **Plaintiff,**

v.                                            Case No. 1:23-cv-212-AW-MJF

**J. LYLES, et al.,**

    **Defendants.**

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The magistrate judge issued a report and recommendation concluding the court should dismiss for Plaintiff's failure to accurately disclose his litigation history. ECF No. 72. I have considered the report and recommendation, and I have considered de novo the issues in Plaintiff's objections (ECF No. 73). I now adopt the report and recommendation and incorporate it into this order. I overrule the objections.

The local rules require *pro se* plaintiffs to use certain forms, and the forms require disclosure of litigation history. The report and recommendation sets out the basis for the requirement and why compliance is important. Plaintiff did not accurately disclose his litigation history, despite an opportunity to do so and despite warnings about the consequences of not doing so.

In his objections, Plaintiff says he is legally blind. He has made that assertion throughout this case. But he was able to understand the report and recommendation

1

and file a cogent response. He does not show why any vision impairment would preclude his accurately disclosing his litigation history. Plaintiff also says he has had head injuries and forgot some of his cases. But he does not explicitly state that he forgot the cases at issue, and he does not explain why his complaint did not at least include a disclaimer that he might have others. Moreover, it is inconceivable that he would forget that he appealed his underlying conviction. Allowing a Plaintiff to escape his obligations by simply announcing a lapse in memory would render the rule useless.

The magistrate judge correctly explains why a lesser sanction would not suffice, and I also note (as the magistrate did) that the four-year statute of limitations has not run, meaning this dismissal will not likely operate as a dismissal with prejudice.

The clerk will enter a judgment that says, "This case is dismissed without prejudice based on Plaintiff's failure to comply with the court's local rules and a court order." The clerk will then close the file.

SO ORDERED on February 2, 2026.

s/ *Allen Winsor*
Chief United States District Judge